## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VICTOR HAROLD BRAUN and | ) | |
| MARY ANN BRAUN, | ) | Case No. 05-32414 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| NORMAN E. ROUSE, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-3020 |
| | ) | |
| JOPLIN AREA HABITAT FOR | ) | |
| HUMANITY, INC., and NANCY GOOD, | ) | |
| Trustee, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

In a nutshell: on August 22, 2002, Joplin Area Habitat for Humanity, Inc. ("Habitat") executed and delivered to the Debtors a deed to certain real estate ("Property"). To finance their purchase of the Property from Habitat, the Debtors executed a promissory note in favor of Habitat and granted Habitat a deed of trust on the Property to secure the note. The deed and deed of trust, however, were not recorded until November 15, 2005, one month after the Debtors filed bankruptcy.

Consequently, on June 14, 2006, the chapter 7 trustee ("Trustee"), Norman E. Rouse, filed this adversary proceeding to avoid Habitat's interest in the Property. The Trustee contends: (1) that under 11 U.S.C. § 544 his interest in the property is superior to Habitat's because Habitat's deed of trust was unperfected as of the date of filing, and (2) that the postpetition perfection of Habitat's deed of trust constitutes an unauthorized postpetition transaction which he has the power to avoid under § 549. Habitat responds, in its answer to the Trustee's complaint and in a motion for summary judgment filed shortly thereafter, that the Trustee is not entitled to the relief he seeks because the Debtors (and thus, the estate) did not have a legal interest in the property as of the petition date; rather, the Debtors contend, they only obtained a legal interest in the Property when the deed from Habitat to the Debtors was recorded after the petition date.

At the pretrial conference on this matter held on August 8, 2006, the parties agreed that the Court could treat the Trustee's response to the Habitat's motion for summary judgment as a cross-motion for summary judgment.[1] Therefore, the Court now rules on the parties' dueling motions for summary judgment.

## BACKGROUND

The facts are not in dispute. On August 22, 2002, Habitat and the Debtors executed four documents: a Corporation Warranty Deed ("Deed") purporting to conveying the real estate commonly known as 1510 Missouri, Joplin, Missouri from Habitat to the Debtors; a document entitled, "Right of First Refusal," which granted Habitat a right of first refusal in the event the Debtors desired to sell the Property within six years; a promissory note ("Note") in favor of Habitat in the amount of $34,000; and a deed of trust ("Deed of Trust") securing the Note to Habitat. All of these documents were given to an attorney for the purpose of promptly recording them in the Recorder of Deeds Office in Jasper County, Missouri, but they were not actually recorded until November 15, 2005, one month after the Debtors filed bankruptcy.

The Debtors took possession of the Property on August 22, 2002, and have made payments on the Note.

## DISCUSSION

Despite Habitat's assertion of a creative (but ultimately unavailing) argument that the Debtors only had an equitable interest in the Property as of the date of filing, the Court views this as a straightforward case of a trustee's exercise of his powers under 11 U.S.C. § 544 to avoid a creditor's unperfected security interest in property of the estate and under § 549 to avoid the postpetition perfection of that security interest.

First, a cursory review of Missouri law dispels Habitat's contention that the Debtors only had equitable title to the Property when they filed bankruptcy. Execution and delivery of a deed

---

[1] *Sua sponte* orders of summary judgment are permissible when the party against whom judgment will be entered is given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted. *Shur-Value Stamps, Inc. v. Phillips Petroleum Co.*, 50 F.3d 592, 595 (8th Cir.1995) (quoting *Interco Inc. v. Nat'l Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir.1990)). In this case, Habitat specifically consented to the Court's consideration of the Trustee's response as a cross-motion for summary judgment.

constitutes a conveyance between the parties; recording the deed merely imparts notice to the world of the title.[2] A grantee has no duty to record a deed, and the failure to record does not affect the validity of the deed between the parties.[3] Therefore, the Debtors obtained legal title to the Property on August 22, 2002, when Habitat executed and delivered the Deed to the Debtors.

Second, under 11 U.S.C. § 544, the Trustee may avoid Habitat's unrecorded Deed of Trust on the Property.[4] Section 544 enables a bankruptcy trustee to avoid the security interest of any creditor whose security interest is not properly perfected under applicable state law as of the bankruptcy petition date.[5] Under Missouri law (which is the applicable state law), a properly executed deed of trust is perfected by recording it with the recorder of deeds for the county in which the property sits.[6]

In this case, the Deed of Trust was unrecorded, and therefore, unperfected, on the petition date. Consequently, the Trustee may avoid Habitat's security interest in the Property.

Finally, under 11 U.S.C. § 549, the Trustee may avoid the "transfer" of bankruptcy estate property made by Habitat's postpetition recording of the Deed of Trust and the Right of First Refusal. Section 549 of the Bankruptcy Code authorizes a trustee to avoid any transfer of property of the estate that occurs after the commencement of the case and is not authorized by statute. The word "transfer" has been construed broadly under the Code and has been defined to include every

---

[2] *Southern v. Southern*, 52 S.W.2d 868, 870 (Mo. 1932); *Hiler v. Cox*, 109 S.W. 679, 681-82 (Mo. 1908).

[3] *Sando v. Phillips*, 319 S.W.2d 648, 651 (Mo. 1959). *See also*, Mo. Rev. Stat. § 442.400 ("No such instrument in writing shall be valid, *except between the parties thereto*, and such as have actual notice thereof, until the same shall be deposited with the recorder for record.") (emphasis added).

[4] 11 U.S.C. § 544(a)(1) provides in pertinent part:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

[5] *Id.; In re Merrill*, 258 B.R. 750, 752-53 (Bankr. W.D. Mo. 2001).

[6] *See generally*, 1 Mo. Prac., Methods of Prac.: Transact. Guide § 8.17 *Formalities of Execution of a Deed of Trust* (4th ed.).

method of disposing of or parting with property or its possession, including the perfection of a security interest.[7] Assuming that a right of first refusal constitutes an interest in property, the Court believes that the recording of a right of first refusal also constitutes a "transfer" under the Code, although the Court has not discovered any case specifically so holding. Therefore, the Court concludes, under § 549 the Trustee may avoid the transfers of interests in estate property accomplished by the recording of Habitat's Deed of Trust and Right of First Refusal.[8]

## CONCLUSION

For the reasons stated above, it is

**ORDERED** that Habitat's motion for summary judgment is hereby DENIED. It is

**FURTHER ORDERED** that the Plaintiff's cross-motion for summary judgment is hereby GRANTED. Accordingly, it is

**FURTHER ORDERED** that any lien arising from the deed of trust in favor of Habitat on the Property and any restriction on the Debtors' use and ownership of the Property arising from the Right of First Refusal are hereby AVOIDED and SET ASIDE.

**SO ORDERED** this 18th day of August, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Kevin Checkett

---

[7] 11 U.S.C. § 101(54) (" 'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."). *See also*, *In re Rose*, 25 B.R. 744, 745-46 (E.D. Mo. 1982).

[8] Both of these transfers are also void because they violated the automatic stay. *See In re Prine*, 222 B.R. 610, 611 (Bankr. N.D. Iowa 1997).